**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TARRIUS D. HOLT**                                                                               **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 5:15-cv-63-DCB-MTP**

**D.H.O. SGT. ROWAN, WCCF/MDOC, ET AL.**                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

      This matter is before the Court, *sua sponte*, for screening pursuant to 28 U.S.C. § 1915. On July 8, 2015, Plaintiff Tarrius D. Holt, an inmate of the Mississippi Department of Corrections ("MDOC") currently incarcerated at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this *pro se* Complaint for relief pursuant to 42 U.S.C. § 1983. The named Defendants are D.H.O. Sgt. Rowan, Waren Gabriel Walker, Cert. Sgt. King, MDOC and Marshall L. Fisher. After review of the Complaint [1] and Plaintiff's Response [11] to the Court's Order [9] requesting additional information, together with the applicable law, the Court has reached the following conclusions.

**I.**      **Background**

      Plaintiff alleges that on May 13, 2015, while he was incarcerated at the Wilkinson County Correctional Facility, Defendant Warden Gabriel Walker and Defendant Sergeant King, together with Correctional Officer Dennis, removed him from his cell then claimed to find contraband. [1] at 5. He asserts that he received a rules violation report ("RVR") and was taken to a disciplinary hearing the next morning, leaving him insufficient time to prepare a defense. *Id.* As a result of the hearing, Plaintiff alleges that Defendant Sergeant Rowan took 180 days of

Plaintiff's earned time,[1] in violation of MDOC policy requiring that an inmate receive six RVRs before losing 180 days of earned time. *Id.* He also alleges that the RVR incorrectly reflected that he was present during the search and that the contraband was taken from his person. *Id.* at 6. Plaintiff alleges he was in segregation when the search was conducted, and the contraband was found under a mattress. *Id.* He claims that the two officers he called to testify refused to do so. *Id.* Finally, Plaintiff alleges that there were some blanks on the RVR form and it reflects two different dates. *Id.* As relief, Plaintiff seeks termination or demotion of the individual Defendants, restoration of earned time lost, monetary damages, and protection from future unjust treatment.

## II. Analysis

Since Plaintiff is a prisoner proceeding *in forma pauperis*, his Complaint is subject to the case screening procedures of 28 U.S.C. § 1915, which may occur prior to the service of process. As part of this screening process, the Court is permitted to *sua sponte* dismiss a complaint if the complaint is legally frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).

### A. Habeas Corpus Claims

Section 1983 provides the means by which prisoners may attack prison conditions or administrative procedures, while habeas corpus provides the exclusive federal remedy for a state

---

[1] Mississippi law provides that an inmate may receive earned time allowance for each thirty days served if MDOC determines that the inmate has complied with requirements of the earned time program. Miss. Code Ann. § 47-5-138(5).

prisoner challenging the fact or duration of confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

Restoration of 180 days earned time, which Plaintiff seeks, would result in his receiving an accelerated release from incarceration. Plaintiff acknowledges as much in the relief paragraph of his Complaint wherein he requests, *inter alia*, that "Cert. Sgt. King be terminated as well for writing up false reports to affect my prison stay & causing me a longer stay period." [1] at 4. Therefore, Plaintiff must pursue any request for restoration of earned time through a petition for habeas corpus relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(holding that habeas corpus is the exclusive remedy for a restoration of good-time credits). Accordingly, to the extent Plaintiff is asserting habeas corpus claims for restoration of 180 days of earned time, his claims will be dismissed from this Section 1983 case without prejudice and the Clerk of the Court will be directed to mail Plaintiff habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

  **B.** **Section 1983 Claims**

To obtain relief under Section 1983 with respect to his remaining claims, Plaintiff must allege facts demonstrating that a person acting under color of state law deprived him of a right protected by federal law. 42 U.S.C. § 1983. In addition to Walker, King and Rowan, Plaintiff sued MDOC and Marshall L. Fisher, the MDOC Commissioner. [1] at 1.

1. **Eleventh Amendment Immunity**

MDOC is considered an arm of the state pursuant to Mississippi law and federal law. Miss. Code Ann. § 47-5-1; *Morgan v. State of Mississippi*, 2008 WL 410645 at * 4, No. 2:07-cv-15-MTP (S.D. Miss. Feb. 12, 2008)(applying six factor test to determine that MDOC is an arm of the state).  The Eleventh Amendment bars suits for damages against the state and its agencies in federal court unless the state consents or Congress has abrogated sovereign immunity.  *See, e.g.*, *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 336 (5th Cir. 2002).  The state has not consented to suit and Congress has not abrogated sovereign immunity for Section 1983 claims. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 67-70 (1989); *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986).  Suits against state officials in their official capacities are the same as suits against the state.  *See, e.g., Mairena v. Foti*, 816 F. 2d 1061, 1065 (5th Cir. 1987).  Accordingly, Plaintiff's damages claims against MDOC and Fisher in his official capacity must be dismissed.

2. **Heck Bar**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "to recover damages for...harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...."  Plaintiff has not demonstrated that the revocation of his earned time has been overturned.  Accordingly, to the extent his damages claims call into question the duration of his imprisonment, they are *Heck* barred.  The Supreme Court recognized the applicability of *Heck* to

4

the prison disciplinary setting in *Edwards v. Balisok*, 520 U.S. 641 (1997)(applying *Heck* bar to claim for loss of good time credits). A ruling by this Court that the disciplinary conviction was invalid and should be expunged would necessarily undermine the duration of Plaintiff's sentence. His claims must, therefore, be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(holding claims dismissed under *Heck* are properly "dismissed with prejudice...until the *Heck* conditions are met").

Though ordinarily a request for injunctive relief would not be *Heck* barred, *see Edwards*, 520 U.S. at 648, in this case granting Plaintiff's vague request "to protect inmates in the future from unjust treatment" would impugn his disciplinary conviction and therefore all his claims must be dismissed as *Heck* barred. Compl. [1] at 7. Moreover, Plaintiff cannot meet the basic requirements for injunctive relief–the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law. *See O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).

### III.   Conclusion

Based on the foregoing, the Court dismisses Plaintiff's habeas claims without prejudice. The Clerk of the Court is directed to mail Plaintiff habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254. Plaintiff's Section 1983 claims for damages against Defendants MDOC and Marshall L. Fisher in his official capacity are dismissed with prejudice based on immunity. Plaintiff's Section 1983 claims against Defendants Rowan, Walker and King are dismissed with prejudice until such time as the *Heck* conditions are met. This dismissal will count as a strike pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See German v. Baker*, 124 F. App'x 257 (5th Cir. 2005)(dismissal as frivolous based on *Heck* counts as a strike); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 463 (5th Cir. 1998)(noting that

dismissal as frivolous based on absolute immunity counts as a strike).  A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

    SO ORDERED, this the 10th day of November, 2015.

                                  /s/ David Bramlette  
                                  UNITED STATES DISTRICT JUDGE